JACOB GARDNER, plaintiff in error, *against* JACOB LEFEVRE, administrator of RACHAEL ESPY, defendant in error.

Pen. & W.
1 p w 73
155  598

A writ of error will not lie upon an order of the Court of Common Pleas overruling a motion to strike off an appeal, and setting aside an execution, supposed to have been improvidently issued.

ERROR to the court of common pleas of Adams county.

A motion was made to quash the writ. It appeared from the record, that an action of replevin had been brought by *Jacob Lefevre*, as administrator of *Rachael Espy*, for goods of the intestate, alleged to be in the hands of the defendant. A rule of reference was entered by the defendant, under the compulsory arbitration law, and after hearing, a report was made in favour of the defendant. He filed his bill of costs, and gave notice to the plaintiff, that he would not consent to an appeal, without the payment of his costs. An appeal was entered by the plaintiff's attorney, without such payment. And after the twenty days had elapsed, an excution was issued against the plaintiff *de bonus pro priis* for the costs, returnable to April term, 1829. A rule was entered at the instance of plaintiff, to shew cause why the execution should not be set aside; and a motion was also made on behalf of the defendant, to strike off the appeal, on the ground that the cause of action was in the plaintiff, *not as administrator*, but in *his own right*. Upon hearing both motions, the court set aside the execution, and refused to strike off the appeal. To this decree of the court, the present writ of error was taken.

*Miller*, for the defendant in error, contended, that this writ could not be sustained, because there was no final judgment of the court below, and that the cause was still pending and undetermined in the common pleas.

*Stevens*, for the plaintiff in error, maintained, that the entry of the appeal was a nullity. That the action was personal, and could only be sustained in the name of the plaintiff in his own right, and the addition of administrator was mere surplusage. That an oath, recognizance, and payment of costs, were necessary pre-requisites to the entry of an appeal, and they having been dispensed with after notice, the mere act of entering an appeal by plaintiff's attorney, is a nullity, and may be disregarded.

BY THE COURT.—The cause is still pending in the court of common pleas. There is no final judgment: the writ of error must therefore be quashed.